847 F.2d 842
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
G. ISSAIAS & CO. (KENYA) LTD., Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1032.
 United States Court of Appeals, Federal Circuit.
 April 15, 1988.
 
 Before NIES, BISSELL and ARCHER, Circuit Judges.
 BISSELL, Circuit Judge.
 
 
 1
 G. Issaias & Co. (Kenya), Ltd. (Issaias) appeals the decision of the Armed Services Board of Contract Appeals (ASBCA), G. Issaias & Co. (Kenya), Ltd., No. 31261 (July 22, 1987), denying its claims. We affirm on other grounds.
 
 BACKGROUND
 
 2
 On December 9, 1981, the Naval Facilities Command, Atlantic Division (NAVFAC) entered into a contract with Issaias for the construction of a parallel taxiway and aircraft parking apron at the Moi International Airport, in Mombasa, Kenya. The contract price was set in Kenyan shillings (shillings), and the contract stated that progress payments would be paid 75% in shillings, and 25% in United States dollars (dollars). The portion payable in dollars was fixed at a given exchange rate.
 
 
 3
 The shilling was officially devalued in December 1982. Issaias, consequently, sought to modify the contract to help offset the adverse impact of this devaluation. In response, NAVFAC issued Modification P00007 (P00007) with an effective date of February 16, 1983, which converted the total amount due under the contract to dollars, directed that Issaias submit invoices in dollars, and established that payments would be made in shillings at the current rate of exchange. By the time P00007 became effective, NAVFAC had already made thirteen progress payments.
 
 
 4
 Issaias successfully completed the contract and NAVFAC accepted the work in April 1984. Issaias, nonetheless, submitted claims to the contracting officer requesting that the first thirteen progress payments be adjusted to reflect the more favorable payment terms established under P00007, and requesting an equitable adjustment for a differing site condition. These the contracting officer denied, and the ASBCA affirmed.
 
 OPINION
 
 5
 The ASBCA held that Issaias could not recover for the first thirteen progress payments under the terms of P00007 because the entire modification was invalid. We do not go so far. Under the authority of Flippin Materials Co. v. United States, 312 F.2d 408, 416-17 (Ct.Cl.1963), we hold only that there was no consideration to support the retroactive application of P00007 for services already rendered. At best, such a retroactive application would be a mere gratuity. Id.
 
 
 6
 We need not, and do not, reach the broader question of whether P00007 is valid in its prospective application. At oral argument, counsel for Issaias informed us that the parties intend to litigate the government's claim for recovery of the payments made under P00007. The issue of the prospective validity will be fully aired in that context. Because prospective validity is not necessarily at issue here, and because the parties will address that question elsewhere, we vacate that portion of the ASBCA's opinion holding P00007 void in its entirety.
 
 
 7
 Issaias also argues that the ASBCA made erroneous fact findings in its disposition of Issaias' differing site condition claim. We hold that substantial evidence supports the ASBCA's finding that the contract documents put Issaias fairly on notice of the conditions it would encounter. 41 U.S.C. Sec. 609(b) (1982).
 
 CONCLUSION
 
 8
 For the reasons given, we affirm on other grounds.